THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> WHEATLAND CONCRETE, INC., an Illinois corporation and ALLEN GIBSON, individually, <br><br> Defendants. | Case No. 10 C 7869 <br><br> Judge Pallmeyer |

### PLAINTIFFS' MOTION FOR JUDGMENT CONSISTENT WITH THE TERMS OF THE SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, request that this Court enter judgment against Defendants, WHEATLAND CONCRETE, INC., INC. ("Wheatland Concrete") and ALLEN GIBSON

("Gibson"), jointly and severally, consistent with the terms of the parties' Settlement Agreement. Alternatively, Plaintiffs request leave to file their First Amended Complaint. In support of this motion, Plaintiffs state as follows:

1. On December 10, 2010, this five-count cause of action was filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C.§ 1132, the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185(a) and (c), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., and state law claims of conversion and breach of contract, seeking unpaid contributions and union dues owed by Defendants to the Funds. On June 11, 2011, Gibson, as President of Wheatland Concrete and individually, signed the parties Settlement Agreement and Release ("Settlement Agreement"), attached hereto as Exhibit 1.

2. Paragraph 6 of the Settlement Agreement contemplated the entry of a Joint Stipulation of Dismissal with Leave to Reinstate; however, execution of the Joint Stipulation was to occur after Defendants' fulfilled certain preliminary obligations, one of which was the payment of $277.20 to the Laborers' District Council. Where $50.00 of the total $277.20 has still not been paid, Plaintiffs did not execute the Stipulation of Dismissal. (Ex. 1 at ¶ 6, requiring parties to execute a Joint Stipulation of Dismissal within ten days after, *inter alia*, payment by Defendants of $277.20 to the Laborers' District Council.)

3. Under the Settlement Agreement, Defendants Wheatland Concrete and Gibson were required to (1) pay the Funds the principal amount of $101,577.59 ("Settlement Amount") plus 9% interest per month on the declining balance of the principal over 48 monthly installments, and (2) to stay current on Wheatland Concrete's ongoing monthly contribution obligations during the 48-month period ("Settlement Period"). The Settlement Amount

represented prior unpaid contributions, interest, liquidated damages and attorney's fees dating back to October 2010. (Ex. 1, ¶ 2 of Recitals.) A Promissory Note ("Note") detailing the payment schedule was signed by Gibson, individually, and on behalf of Wheatland Concrete, on June 13, 2011, and was explicitly incorporated into the Settlement Agreement. (See Ex. 1, ¶ 7 of Recitals, and ¶¶ 1, 4.) Attached as Exhibit 2 is a true a correct copy of the Note.

4. The Note provides that over the course of the 48-month Settlement Period, beginning June 20, 2011 and ending May 20, 2015, the Defendants were to make monthly installment payments that would be applied toward the Settlement Amount of $101,577.59; concurrently, Defendants were to submit monthly contribution reports and concomitant payments.

5. The Settlement Agreement provides that in the event Wheatland Concrete or Gibson defaults on the installment payments or fails to make timely contributions during the Settlement Period, Wheatland Concrete and Gibson shall be deemed in default of the Settlement Agreement and Note. (Ex. 1,¶ 4.)

6. The Note provides for the entry of a judgment against Defendants, jointly and severally, and in favor of the Funds in the event Defendants default on any payment (i.e., either the installment payments or ongoing monthly contribution payments).

7. There is no question that Defendants have defaulted on the Note and in turn the Settlement Agreement. Defendants have failed to submit monthly contribution reports since June 20, 2011, and have failed to submit even just the second of the required monthly installment payments due under the Note, which was due June 20, 2011. Further, Defendants have failed to cure their default within the five days allowed under the Settlement Agreement despite being

given due notice by the Funds on July 15, 2011 and August 9, 2011. Attached as Exhibit 3 is a true and correct copy of Plaintiffs' July 15, 2011 Notice of Default.

8. The amount owed by Defendants on the balance of the principal of the Settlement Amount, after deducting all payments made by Defendants in accordance with the Settlement Agreement and Note, totals $69,382.65. Attached as Exhibit 4 is a true and correct copy of the Amortization Schedule that was attached to the Note and which reflects the balance as of June 20, 2011.

9. In addition to the balance of the Settlement Amount, Defendant continues to owe the Funds $50.00 under Paragraph 2 of the Settlement Agreement.

10. Defendants have failed to submit monthly contribution reports and concurrent payments to the Funds for the period May 2011 through the present. In addition to the contributions owed for these months, Defendants owe interest on the unpaid contributions pursuant to 29 U.S.C.§1132(g)(2)(B) and the Funds' Trust Agreements, to which Defendant Wheatland Concrete is bound by virtue of being signatory to the collective bargaining agreement.

11. In addition to the contributions owed for the months of May 2011 through the present, Defendants owe liquidated damages on the unpaid contributions pursuant to 29 U.S.C. §(g)(2)(C)(ii) and the Funds' Trust Agreements, to which Defendant Wheatland Concrete is bound by virtue of being signatory to the collective bargaining agreement.

12. Paragraph 4 of the Settlement Agreement provides if Wheatland Concrete and/or Gibson default on payment of the Settlement Amount, the Funds' will be entitled to attorney's fees and costs incurred in their collection efforts. (See Ex. 1, pp. 3-4, ¶4.) Also, pursuant to 29

13. As a result of Defendants' breach of the Settlement Agreement, Plaintiffs request that this Court enter judgment against Defendants, jointly and severally, consistent with the terms of the Settlement Agreement.

14. Pursuant to the terms of the Settlement Agreement, Judgment should include (i) the balance of the Settlement Amount - $69,382.65 - plus interest at a rate of 9% per month from July 20, 2011until final date of payment; (ii) $50.00 due the Laborers' District Council pursuant to Paragraph 2 of the Settlement Agreement; and (iii) contributions for the period May 2011 through the present, with interest, liquidated damages, and attorney's fees and costs.

15. In the alternative, the Funds request under Fed. R. Civ. P. 15 leave to file a First Amended Complaint so that they may be allowed to add their allegations of breach of the Settlement Agreement and Promissory Note against Defendants Wheaton Concrete and Gibson, and to allege all amounts remaining due and owing.

WHEREFORE, Plaintiffs request that this Court order Defendants Wheatland Concrete and Gibson to produce within seven (7) days all delinquent contribution reports for the period May 2011 through the present. Further, Plaintiffs request that this Court retain jurisdiction to enter a final judgment order after the reports are submitted, at which time Plaintiffs propose to prove-up damages by the submission of affidavits. In the alternative, Plaintiffs request that it be given leave to file a First Amended Complaint to include all new allegations against Defendants.

Respectfully submitted,


/s/ David P. Lichtman

J. Peter Dowd
Michele M. Reynolds
Jeremy M. Barr
Josiah A. Groff
David P. Lichtman
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361